FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 31 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

Karenza Clincy, Erica Hammond,
Jammie Parker, Kiesha Pough,
Kimberly Jordan, Naturee Wells,
Monica Leaphart, and Summer Sales,
Individually and on behalf of others similarly situated,

    Plaintiffs,

v.

Galardi South Enterprises, Inc. d/b/a/ The Onyx,

    Defendant.

COMPLAINT

**RWS**

1 09-cv-2082

Court File No. _____

Plaintiffs Karenza Clincy ("Clincy"), Erica Hammond ("Hammond"), Jammie Parker ("Parker"), Kiesha Pough ("Pough"), Kimberly Jordan ("Jordan"), Naturee Wells ("Wells"), Monica Leaphart ("Leaphart"), and Summer Sales ("Sales"), by their attorneys, Nichols Kaster, PLLP, bring this action for damages and other legal and equitable relief for Defendant's violations of laws. Plaintiffs state the following as their claims against Defendant:

## INTRODUCTION

1. This case is about Defendant's illegal treatment of its employees.

2. Defendant owns and operates a strip club called The Onyx ("Onyx") in Fulton County, Atlanta.

1

3. In direct violation of federal law, Defendant miscategorizes entertainers who work at their club as independent contractors and requires them to pay to come to work. The entertainers receive no wage payments from Defendant, but instead only receive gratuities from customers. Entertainers are also required to attend mandatory meetings at Defendant's place of business, but are not paid for their attendance at those meetings. Defendant's practices result in employees making less than minimum wage, in violation of federal law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question, 29 U.S.C. § 216(b).

6. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. § 1391 because Defendant are subject to personal jurisdiction in the Northern District of Georgia.

7. Venue is also proper in the Northern District of Georgia, Atlanta division because a substantial part of the events at issue in this lawsuit took place in the Northern District of Georgia, Atlanta division and because Defendant resides in the Atlanta division.

## PARTIES

8. Plaintiff Karenza Clincy is an individual residing in Lawrenceville, Georgia.

9. Plaintiff Clincy has been employed as an entertainer at Onyx at various points during the two years prior to the filing of this lawsuit.

10. Plaintiff Erica Hammond is an individual residing in Fairburn, Georgia.

11. Plaintiff Hammond has been employed as an entertainer at Onyx at various points during the year prior to the filing of this lawsuit.

12. Plaintiff Jammie Parker is an individual residing in Doraville, Georgia.

13. Plaintiff Parker has been employed as an entertainer at Onyx at various points during the year prior to the filing of this lawsuit.

14. Plaintiff Kiesha Pough is an individual residing in Tucker, Georgia.

15. Plaintiff Pough has been employed as an entertainer at Onyx at various points during the year prior to the filing of this lawsuit.

16. Plaintiff Kimberly Jordan is an individual residing in Atlanta, Georgia.

17. Plaintiff Jordan has been employed as an entertainer at Onyx at various points during the three years prior to the filing of this lawsuit.

18. Plaintiff Naturee Wells is an individual residing in Atlanta, Georgia.

19. Plaintiff Wells has been employed as an entertainer at Onyx at various points during the three years prior to the filing of this lawsuit.

20. Plaintiff Monica Leaphart is an individual residing in Atlanta, Georgia.

21. Plaintiff Leaphart has been employed as an entertainer at Onyx at various points during the year prior to the filing of this lawsuit.

22. Plaintiff Summer Sales is an individual residing in Lithonia, Georgia.

23. Plaintiff Sales has been employed as an entertainer at Onyx at various points during the year prior to the filing of this lawsuit.

24. The Onyx is an adult entertainment nightclub located at 1888 Cheshire Bridge Road, Atlanta, Georgia.

25. Galardi South Enterprises, Inc. is a Georgia corporation with headquarters at 1730 Northeast Expressway, Suite 200 Atlanta, GA 30329.

26. Galardi South Enterprises, Inc. owns and operates The Onyx and has done so at all times for the three years prior to the filing of this Complaint.

27. Galardi South Enterprises, Inc. is not in compliance with the Georgia Secretary of State's annual corporate filing requirements.

28. Galardi South Enterprises, Inc. has not filed its annual registration with the Georgia Secretary of State since 2007.

29. Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this Collective action against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") for failure to pay minimum wage and overtime compensation.

30. Plaintiffs and others similarly situated (the "FLSA Collective") are individuals who have worked as current and former entertainer employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

31. Plaintiffs have consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). Attached as Exhibit A are Plaintiffs' signed consent forms.

## FACTUAL ALLEGATIONS

32. At all times for three years prior to the filing of the instant complaint, Defendant has employed female entertainers at Onyx.

33. At all times for the three years prior to the filing of the instant complaint, Defendant has categorized all entertainers working at Onyx as "independent contractors."

34. At all times for the three years prior to the filing of the instant complaint, Defendant has not required entertainers to have any specialized training or background. Defendant has, however: established specific work schedules for entertainers; required entertainers to dance at specified times and in a specified

manner on stage and for customers; regulated entertainers' attire and interactions with customers; required entertainers to attend meetings at Defendant's business; and financed all advertising efforts undertaken on behalf of the Onyx. All Named Plaintiffs were subject to the policies of Defendant outlined in this paragraph.

35. At all times for the three years prior to the filing of the instant complaint, Defendant has required entertainers, including Named Plaintiffs, to pay a specific amount, often referred to as a "house fee" or a "bar fee" in order to work on any given shift.

36. The specific amount entertainers, including Class Representatives, were required to pay has varied over the last three years, but has generally been at least $29 per shift. Often, entertainers have been required to pay as much as $75 per shift.

37. If entertainers are late for work, fail to appear for a scheduled shift, or are deemed to have violated any of Onyx's rules, they are charged additional fees. or "fines." Class Representatives have been subject to these charges.

38. The fees described in Paragraphs 35-37 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act.

39. Named Plaintiffs worked over forty hours in some weeks they worked for Defendant.

40. Defendant has never paid entertainers any amount as wages. Instead, entertainers' source of work related income is gratuities they receive from customers.

41. Because Defendant did not pay Plaintiffs any wages, Defendant did not pay Plaintiffs one-and-a-half times their regular rate of pay when Plaintiffs worked over forty hours in a given workweek.

42. Defendant knew, or showed reckless disregard for the fact that it misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the Fair Labor Standards Act.

43. The recklessness of Defendant's classification is demonstrated by the participation of Defendant's managerial and supervisory employees in various professional organizations, including but not limited to the Association of Club Executives (ACE), which publish newsletters cautioning their members (including Defendant) against misclassifying their entertainers as independent contractors.

44. On information and belief, Defendants' officers and managerial employees have received newsletters concerning the prospect of lawsuits such as this one when entertainers are misclassified yet chose to misclassify entertainers anyway.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION—MINIMUM WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

45.     The above paragraphs are incorporated by reference as if fully set forth herein.

46.     This claim arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for failure to pay a minimum wage to Plaintiffs and the FLSA Collective to which they were entitled.

47.     At all times relevant, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et. seq.* At all times relevant, Defendant has employed and continues to employ, employees, including Plaintiffs and each of the members of the FLSA Collective, who engage or engaged in commerce or in the production of goods for commerce. At all times relevant, upon information and belief, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

48.     The minimum wage provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, apply to Defendant and protect Plaintiffs and the FLSA Collective.

49.     Plaintiffs have consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

50. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiffs and the FLSA Collective were entitled to be compensated at a rate of $5.15 per hour before July 24, 2007; $5.85 per hour from July 24, 2007 to July 23, 2008, $6.55 per hour beginning July 24, 2008, and $7.25 per hour beginning July 24, 2009.

51. Defendant was not allowed to avail itself of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 201, *et. seq.* because Defendant provided no notice to employees of its intention to take a tip credit and because Plaintiffs were not allowed to keep all their tip money.

52. Defendant, pursuant to their policies and practices, refused and failed to pay a minimum wage to Plaintiffs and the FLSA Collective.

53. By failing to compensate Plaintiffs and the FLSA Collective, Defendant violated, and continues to violate, their statutory rights under FLSA, 29 U.S.C. § 206.

54. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

55. Plaintiffs, on behalf of themselves and the FLSA Collective, seek damages in the amount of their respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

56. Plaintiffs, on behalf of themselves and the FLSA Collective, seek recovery of attorney's fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION—OVERTIME
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

57. The above paragraphs are incorporated by reference as if fully set forth herein.

58. This claim arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for failure to pay overtime compensation to Plaintiffs and the FLSA Collective to which they were entitled.

59. The overtime provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, apply to Defendant and protect Plaintiffs and the FLSA Collective.

60. Pursuant to the FLSA, 29 U.S.C. § 207, Plaintiffs and the FLSA Collective were entitled to be compensated at one-and-a-half times their regular rate of compensation for all hours worked over forty hours in any given workweek.

61. Defendant, pursuant to its policies and practices, refused and failed to pay any wage at all to Plaintiffs and the FLSA Collective.

62. Defendant did not pay one-and-a-half times Plaintiffs' regular rate for hours worked in excess of forty hours per week because Defendant paid no wages at all.

63.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

64.     Plaintiffs, on behalf of themselves and the FLSA Collective, seek damages in the amount of their respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

65.     Plaintiffs, on behalf of themselves and the FLSA Collective, seek recovery of attorney's fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and all others similarly situated, pray for judgment against Defendant as follows:

a. Issuance of notice pursuant to 29 U.S.C. § 216(b) as soon as possible to all entertainers who worked for Defendant during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages, overtime pay and unlawful kickbacks;

c. Judgment against Defendant that their violations of the FLSA were willful;

d. An equal amount to the unpaid wage and kickback damages as liquidated damages;

e. An award of prejudgment interest;

f. All costs and attorneys' fees incurred in prosecuting these claims;

g. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs, on behalf of themselves and similarly situated individuals demand a trial by jury.

Dated: 7/30/2009

NICHOLS KASTER, PLLP

Donald H. Nichols (GA Bar No. 450212)
E. Michelle Drake (GA Bar No. 229202)
Steven Andrew Smith (MN Bar No. 260836)
 *Pro Hac Vice Application Forthcoming*
Anna P. Prakash (MN Bar No. 0351362)
 *Pro Hac Vice Application Forthcoming*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 338-4878

And

BUCKLEY & KLEIN, LLP
Edward D. Buckley (GA Bar No. 092750)
Atlantic Center Plaza, Suite 1100
1180 West Peachtree Street
Atlanta, Georgia 30309
Telephone (404) 781-1100
Fax (404) 781-1101

ATTORNEYS FOR PLAINTIFFS