UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

---

Karenza Clincy, Erica Hammond,
Jammie Parker, Kiesha Pough,
Kimberly Jordan, Naturee Wells,
Monica Leaphart, and Summer Sales,
Individually and on behalf of others similarly situated,

      Plaintiffs,

v.

Galardi South Enterprises, Inc. d/b/a/ The Onyx,
Galardi South Enterprises Consulting, Inc. d/b/a/ The Onyx,
Michael Kapp and
Jack Galardi,

      Defendants.               Court File No. 09-CV-2082-RWS

---

# PLAINTIFFS' EMERGENCY MOTION AND NOTICE OF MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND REQUEST FOR IMMEDIATE HEARING PURSUANT TO LOCAL RULE 7.2

---

Pursuant to 29 U.S.C. 216 (b) Fed. R. Civ. P. 65, Plaintiffs hereby move this Court for a temporary restraining order and preliminary injunction. The hearing on this matter has been scheduled before the Honorable Judge Richard W. Story at **2:30 p.m. on Wednesday, August 26, 2009,** 2121 Richard B. Russell Federal Building and United States Courthouse, 75 Spring Street, SW Atlanta, GA 30303-3309. Courtroom 2105.

1

Such relief is warranted for reasons set forth in the Memorandum of Law filed in support of this Motion on this day, primarily because Defendants' have admitted that they terminated Plaintiffs as a result of their participation in this lawsuit, with the sole purpose of the retaliatory conduct being intimidation of members of the putative collective in order to discourage putative collective members from advancing their claims.

Plaintiffs seek a temporary restraining order and preliminary injunction ordering Defendants and all Defendants' officers, agents, servants, employees, attorneys and all those in active concert with such persons to immediately: 1) reinstate the employment of Plaintiffs Jammie Parker, Kiesha Pough, Naturee Wells, Monica Lepahart, Summer Sales, and opt-in plaintiff Jessica Appling; 2) notify all individuals who have been employed as entertainers at Onyx in the last three years that the termination of such individuals was retaliatory and unlawful; 3) notify (in person, by posting in the workplace, by phone and by mail,) all individuals who have been employed as entertainers at Onyx in the last three years of the existence of this lawsuit and of their right to join this lawsuit free from any kind of retaliation by Defendants, with such notice to include information about what constitutes retaliation as well as a statement that retaliation is unlawful and that anyone retaliated against has a legal claim for injunctive and monetary relief; 4) notify (in person, by posting in the workplace, by phone and by mail,) all

individuals who were required to sign forms purporting to waive their claims in this lawsuit or to alter the terms of their employment that such forms do not constitute a valid settlement of legal claims and have no impact on such individuals' rights to assert claims in this lawsuit; 5) refrain from any effort to prevent Plaintiffs from securing employment in the adult entertainment industry on the basis of Plaintiffs' participation in this matter; 6) provide Plaintiffs with a list of any and all individuals to whom they have communicated about this matter in an effort to prevent Plaintiffs and/or opt-in plaintiffs from securing future employment or in an effort to discourage such individuals from joining this lawsuit or otherwise asserting claims against Defendants; 7) cease and desist communicating, now and in the future, directly with Plaintiffs or members of the putative collective about this case, save for communications informing such individuals that they are free to participate in this matter without fear of retaliation or reprisal of any kind or other communications ordered or approved in advance by the Court; 8) Provide Plaintiffs with the names and contact information for any and all individuals who have signed any documentation purporting to alter the terms of their employment relationship with Defendants or purporting to establish and/or waive any claims to relief in this matter; 9) file any proposed communications with Plaintiffs or members of the putative collective with the Court prior to providing

same to such individuals; and 10) file sufficient documentation with the Court to demonstrate compliance with the Court's order.

In order to make up for the chilling effects of Defendants' retaliatory conduct, Plaintiffs also seek an order tolling the running of the statute of limitations for potential plaintiffs until such time as the Court rules on Plaintiffs' Motion for Conditional Class Certification and judicial notice is approved or at least until Defendants are able to prove to the Court's satisfaction that all chilling effects of their retaliatory conduct have been remedied.

Local Rule 7.2 states that upon written motion and for good cause shown, the court may waive the time requirements of this rule and grant an immediate hearing on any matter requiring such expedited procedure. In accordance with this rule, Plaintiffs hereby request an immediate hearing on this issue. The Memorandum of Law filed contemporaneously with this Motion sets forth in detail the facts necessitating such expedited procedure and is incorporated herein by reference.

Dated: August 20, 2009                                NICHOLS KASTER, PLLP


                                             s/E. Michelle Drake
E. Michelle Drake (GA Bar No. 229202)
Donald H. Nichols (GA Bar No. 450212)
Steven Andrew Smith (MN Bar No. 260836)
   *Pro Hac Vice Application Forthcoming*
Anna P. Prakash (MN Bar No. 0351362)
   *Pro Hac Vice Application Forthcoming*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 338-4878

And

BUCKLEY & KLEIN, LLP
Edward D. Buckley (GA Bar No. 092750)
Atlantic Center Plaza, Suite 1100
1180 West Peachtree Street
Atlanta, Georgia 30309
Telephone (404) 781-1100
Fax (404) 781-1101

ATTORNEYS FOR PLAINTIFFS