# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| Karenza Clincy, Erica Hammond, | : | |
| Jammie Parker, Kiesha Pough, | : | |
| Kimberly Jordan, Naturee Wells, | : | |
| Monica Leaphart, and Summer | : | |
| Sales, Individually and on behalf | : | CIVIL ACTION NO. |
| of others similarly situated, | : | 1:09-CV-2082-RWS |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| Galardi South Enterprises, Inc. | : | |
| d/b/a/ The Onyx, Galardi South | : | |
| Enterprises Consulting, Inc. d/b/a/ | : | |
| The Onyx, Pony Tail, Inc. d/b/a/ | : | |
| The Onyx, Michael Kapp and Jack | : | |
| Galardi, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [14]. After receiving oral argument on this matter and reviewing the record, the Court enters the following order.

I.    **Background**

Plaintiffs Karenza Clincy ("Clincy"), Erica Hammond ("Hammond"), Jammie Parker ("Parker"), Kiesha Pough ("Pough"), Kimberly Jordan ("Jordan"), Naturee Wells ("Wells"), Monica Leaphart ("Leaphart"), Summer Sales ("Sales"), and Jessica Appling ("Appling") were employed as entertainers at Club Onyx ("Onyx"), an adult entertainment night club allegedly owned and operated by Defendants.  (See Plaintiffs' Second Amended Complaint ("Complaint"), at 2, 4-5).  On July 31, 2009, Plaintiffs filed a putative collective action against their employer for violating the Fair Labor Standards Act ("FLSA").  The alleged violations of the FLSA include misclassifying the Plaintiffs as independent contractors instead of employees, failing to pay minimum wage and overtime, and retaliation for filing suit under the statute. (Id. at 10-13).

On August 11, 2009, Parker, Pough, Wells, Leaphart, Sales, and Appling were at best suspended, and perhaps permanently terminated, from their employment with Onyx as a result of filing this action.  (Id. at 15).  Plaintiffs Jordan, on August 12, and Clincy, on August 13, were also informed that they could no longer work at Onyx due to their involvement in this suit.  (Id. at 17). On August 20, 2009, Plaintiffs filed a Motion for Temporary Restraining Order

and Preliminary Injunction [14].  Among the relief sought in the motion,

Plaintiffs requested that Parker, Pough, Wells, Leaphart, Sales, Jordan, Clincy,

and Appling be reinstated to their positions at Onyx and that they and other

similarly situated individuals not be adversely affected by participation in this

suit.  Plaintiffs also requested the tolling of the statute of limitations for the

FLSA claims of similarly situated individuals.  A hearing on Plaintiff's motion

was held on August 26, 2009, at which Plaintiffs and Defendants were each

represented by counsel.

## II.  **Analysis**

It is settled law in this Circuit that a preliminary injunction is an

"extraordinary and drastic remedy[.]"  Zardui-Quintana v. Richard, 768 F.2d

1213, 1216 (11th Cir. 1985).  To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of
> the underlying case, (2) the movant will suffer
> irreparable harm in the absence of an injunction, (3)
> the harm suffered by the movant in the absence of an
> injunction would exceed the harm suffered by the
> opposing party if the injunction issued, and (4) an
> injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242,

1246-47 (11th Cir. 2002).  Based on the arguments made at the hearing, a

review of the record, and the parties' briefs, the Court concludes that Plaintiffs

AO 72A
(Rev.8/82)

have succeeded in making such a showing here, and a preliminary injunction will accordingly be issued.

Plaintiffs have demonstrated a substantial likelihood of success on the merits of the underlying case. While the FLSA establishes requirements for minimum wage and overtime pay, it also makes it illegal to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA. 29 U.S.C. § 215(a)(3). While the Plaintiffs may well succeed on the claim that they are employees of Onyx and not independent contractors and thus entitled to a minimum wage and overtime pay, they are substantially likely to prevail on the claim of retaliation. All of the Plaintiffs, with the exception of Hammond, were fired after instituting this suit.[1]  (See Complaint, at 15, 17). At the August 11 meeting at which Parker, Pough, Wells, Leaphart, Sales, and Appling were ostensibly terminated, it was made

---

[1] There is a dispute as to whether Plaintiff Parker was fired before or after Onyx received notice of this suit. (Compare Declaration of Clifford Adams [offered by Defendants at August 26 hearing], at 2 (stating Parker was fired before Onyx had notice), with Complaint, at 13 (stating Parker was fired after Onyx had notice)).  It will be assumed for the purposes of this Order that Onyx had notice of this suit prior to firing Parker.  Defendants will have the opportunity to contest the veracity of this finding, as well as that of all other facts upon which this order is based, as this case proceeds.

4

clear that the reason for their termination was the filing of this suit.[2]  (See

Complaint, Exhibit D, at 15 [14-5]).  Plaintiffs Jordan and Clincy were similarly

told that they would not be able to work at Onyx as a result of their

participation in the FLSA action.  (See Complaint, at 17).  This type of action

represents a flagrant violation of the FLSA's anti-retaliation provision and

therefore Plaintiffs have satisfied the first requirement by demonstrating a

substantial likelihood of success.

    Plaintiffs have also satisfied the second requirement by demonstrating

that irreparable harm will be suffered absent the injunction.  In Gresham v.

Windrush Partners, LTD, the Court found that "irreparable injury may be

presumed from the fact of discrimination and violation of fair housing statutes."

---

[2] One of the Plaintiffs at the August 11 meeting tape recorded part of the meeting.  Portions of the transcript of the tape recording are reproduced below.  Male 2 is purportedly Defendant Michael Kapp.

> Male 2: And basically, the only way that it's going to go away and you all are going to be able to work in this club is if all eight or nine of you, whoever is on the class action lawsuit that you all decided to file, get together and decide to drop it.

Complaint, Exhibit D, at 8:17-22.

> FEMALE: I have one question.  What's the suspension indefinitely?  What's that for?  What's the reason behind that?
> Male 2: What's the reason behind it?  Basically, we've got litigation.  You don't need to be in the building now. You're suing us.

Id. at 15:1-6.

AO 72A
(Rev.8/82)

730 F.2d 1417, 1423 (11th Cir. 1984).  The Court went on to state that, "when a

plaintiff who has standing to bring suit shows a substantial likelihood that a

defendant has violated specific fair housing statutes and regulations, that alone,

if unrebutted, is sufficient to support an injunction remedying these violations."

Id.  In the case at hand, Plaintiffs have demonstrated that a substantial

likelihood exists that Defendants have violated the FLSA, specifically its anti-

retaliation provision.  The FLSA provides that actions may be brought by any

employee on behalf of himself and others similarly situated and specifically

contemplates "equitable relief as may be appropriate to effectuate the purposes

of section 215(a)(3) of this title, including without limitation . . . reinstatement."

29 U.S.C. § 216(b).

 The anti-retaliation provision of the FLSA is intended to allow

employees to seek vindication of their statutory rights without the fear of

reprisal.  Retaliatory termination also carries with it the risk that other similarly

situated employees will be deterred from protecting their own rights.  See Holt

v. Continental Group, Inc., 708 F.2d 87, 91 (2d Cir. 1983) (stating retaliatory

discharge carries risk of deterring employees from protecting statutory rights).

Furthermore, in order to be a party to an FLSA action, an employee must

actively join the suit by providing consent in writing.  29 U.S.C. § 216(b).

Irreparable injury may not occur every time a retaliatory discharge takes place, but under the present facts it appears likely that other similarly situated employees of Onyx will be deterred from joining the action as a result of the action taken against Plaintiffs by Onyx. Defendants not only fired Plaintiffs for their participation in this suit, but also informed other entertainers at Onyx that Plaintiffs had been fired because of their participation. (See Memorandum of Law in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, at 9 [14-2]). Forcing individuals with claims under the FLSA to choose between pursuing their claims or maintaining employment results in irreparable harm. See Allen v. Suntrust Banks, Inc., 549 F. Supp. 2d 1379 (N.D. Ga. 2008) (finding irreparable harm where employees were put in a position of either obtaining a severance package or pursuing their FLSA claims).

The Court finds that the harm to Plaintiffs in the absence of an injunction will exceed any harm suffered by Defendants as a result of granting a preliminary injunction. The Court also finds that an injunction in this case will not disserve the public interest. Such equitable relief is specifically contemplated by the FLSA in order to protect the rights of employees. Plaintiffs have therefore satisfied the requirements necessary for the granting of

a preliminary injunction.  Because Plaintiffs seek the tolling of the statute of limitations as part of the preliminary injunction, this Court will also examine the propriety of this request.

"Time requirements in lawsuits between private litigants are customarily subject to 'equitable tolling.'" Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).  However, it is a remedy which should be used sparingly.  Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993).  Equitable tolling is permitted "upon finding an inequitable event that prevented plaintiff's timely action."  Id.  It is permitted where the plaintiff "has been induced . . . by his adversary's misconduct into allowing the filing deadline to pass." Irwin, 498 U.S. at 96.

In the underlying case, individuals similarly situated to Plaintiffs have likely been induced to refrain from pursuing claims under the FLSA as a result of the discharge of Plaintiffs and by being informed by management of Onyx that the discharge resulted from participation in this suit.  Therefore, proper grounds exist to toll the statute of limitations for a limited period until similarly situated individuals may be made aware that they may pursue FLSA claims without the fear of retaliation or reprisal.

III.    **Conclusion**

For the foregoing reasons, Plaintiffs Motion for Temporary Restraining Order and Preliminary Injunction [14] is hereby **GRANTED** and the following relief is **ORDERED**:

1.    Defendants are to immediately reinstate Plaintiffs Parker, Pough, Wells, Leaphart, Sales, Jordan, Clincy, and Appling;

2.    Defendants are prohibited from retaliating or discriminating in any way against Plaintiffs or similarly situated individuals for involvement with or participation in this action or any other pursuit of claims under the FLSA; and

3.    the statute of limitations for potential opt-in plaintiffs is tolled until this Court has ruled on Plaintiffs' Motion for Conditional Class Certification [12].

**SO ORDERED**, this __2nd__ day of September, 2009.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)