## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KARENZA CLINCY, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **NO. 1:09-CV-2082-RWS** |
| | ) | |
| **GALARDI SOUTH ENTERPRISES, INC.)** | | |
| **d/b/a THE ONYX, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ANSWER AND DEFENSES OF
## GALARDI SOUTH ENTERPRISES CONSULTING , INC.
## TO PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW GALARDI SOUTH ENTERPRISES CONSULTING, INC. (incorrectly identified in the Complaints as "d/b/a The Onyx")("GSEC"), Defendant in the above-styled civil action, and timely files its Answer and Defenses in response to Plaintiffs' Second Amended Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiffs' Second Amended Complaints fail to state a claim for which relief can be granted.

### SECOND DEFENSE

Defendant Galardi South Enterprises Consulting, Inc. neither operates, nor has operated, an adult night club known as Club Onyx.

{729/013/00483318.DOCv1}

## THIRD DEFENSE

Any damages purportedly suffered by Plaintiffs are as a result of their own action or inaction and/or negligence, or the negligence of third parties beyond this Defendant's control.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

## FIFTH DEFENSE

Plaintiffs are not "employees" as that term is defined by the Fair Labor Standards Act.

## SIXTH DEFENSE

This Defendant is not Plaintiffs' "employer" as that term is defined by the Fair Labor Standards Act.

## SEVENTH DEFENSE

Plaintiffs claims are barred in whole or in party by the applicable statute of limitations.

## EIGHTH DEFENSE

This Defendant's actions were not governed by the Fair Labor Standards Act.

## NINTH DEFENSE

Plaintiffs cannot establish that any act or omission on the part of this Defendant was willful under the Fair Labor Standards Act.

## TENTH DEFENSE

Plaintiffs' claims under the Fair Labor Standards Act are barred to the extent that any Plaintiffs have submitted false or inaccurate time records.

## ELEVENTH DEFENSE

Any recovery by Plaintiffs should be limited to the extent Plaintiffs have failed to mitigate any available damages as alleged or sought in the Second Amended Complaint.

## TWELFTH DEFENSE

Plaintiffs' collective action claims are barred to the extent they seek to assert or recover on claims on behalf of individuals who are not similarly situated for purposes of the Fair Labor Standards Act.

## THIRTEENTH DEFENSE

At all relevant times, Plaintiffs are and have been independent contractors of Club Onyx and are not governed by the Fair Labor Standards Act.

## FOURTEENTH DEFENSE

At all relevant times, Defendant acted in good faith reliance upon its interpretation of the Fair Labor Standards Act, its administrative regulations and the

{729/013/00483318.DOCv1}

rulings of the Wage and Hour Administrator.

## FIFTEENTH DEFENSE

Plaintiffs are not covered by the Fair Labor Standards Act, or the regulations promulgated thereunder.

## SIXTEENTH DEFENSE

Alternatively, Plaintiffs are exempt from the requirements of the Fair Labor Standards Act and the regulations promulgated thereunder.

## SEVENTEENTH DEFENSE

At all relevant times, Defendant complied with the applicable requirements of the Fair Labor Standards Act and the regulations promulgated thereunder.

## EIGHTEENTH DEFENSE

At all relevant times, Defendant acted towards Plaintiffs in a manner which was legitimate, in good faith, non-willful, and non-malicious.

## NINETEENTH DEFENSE

Any proven violation of the Fair Labor Standards Act was not the result of willful, deliberate, intentional acts, or the reckless disregard or indifference for the protections afforded by those Acts.

## TWENTIETH DEFENSE

To the extent Defendant is ultimately found liable to Plaintiffs for unpaid overtime wages, Defendant is entitled to certain exclusions or set-offs.

{729/013/00483318.DOCv1}

## TWENTY-FIRST DEFENSE

All or part of the time for which Plaintiffs seek compensation does not constitute compensable working time under the Fair Labor Standards Act, and the regulations promulgated thereunder.

## TWENTY-SECOND DEFENSE

Neither the Plaintiffs nor their claims are sufficiently similar to the other individuals they purport to represent to warrant a collective action under 29 U.S.C. § 216(b).

## TWENTY-THIRD DEFENSE

The services for which Plaintiffs seek overtime compensation were secondary or incidental to their primary job functions.

## TWENTY-FOURTH DEFENSE

Plaintiffs are not entitled to recover punitive damages under the Fair Labor Standards Act.

## TWENTY-FIFTH DEFENSE

Responding to the specifically-numbered paragraphs of the Second Amended Complaint, Defendant GSEC shows as follows:

## **INTRODUCTION**

1.   GSEC denies the allegations contained in Paragraph 1 of the Second Amended Complaint.

{729/013/00483318.DOCv1}

2.      GSEC denies the allegations contained in Paragraph 2 of the Second Amended Complaint.

3.      GSEC admits the allegations contained in Paragraph 3 of the Second Amended Complaint.

4.      GSEC denies the allegations contained in Paragraph 4 of the Second Amended Complaint.

5.      GSEC denies the allegations contained in Paragraph 5 of the Second Amended Complaint.

6.      GSEC admits the allegations contained in Paragraph 6 of the Second Amended Complaint.

7.      GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Second Amended Complaint.

8.      GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Second Amended Complaint.

9.      GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Second Amended Complaint and, therefore, said allegations are denied.

10.     GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Second Amended Complaint and, therefore, said allegations are denied.

## JURISDICTION AND VENUE

11.     GSEC admits the allegations contained in Paragraph 11 of the Second Amended Complaint.

12.     GSEC admits the allegations contained in Paragraph 12 of the Second Amended Complaint.

13.     GSEC admits the allegations contained in Paragraph 13 of the Second Amended Complaint.

14.     GSEC denies the allegations contained in Paragraph 14 as they relate to Jack Galardi.   GSEC admits the remaining allegations contained in Paragraph 14 of the Second Amended Complaint solely as they relate to GSEC, but is without information or knowledge as to the truth of the remaining allegations as they relate to other Defendants and, therefore, said allegations are denied.

15.     GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Second Amended Complaint and, therefore, said allegations are denied.

{729/013/00483318.DOCv1}

16.     GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Second Amended Complaint and, therefore, said allegations are denied.

17.     GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Second Amended Complaint and, therefore, said allegations are denied.

18.     GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Second Amended Complaint and, therefore, said allegations are denied.

19.     GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Second Amended Complaint and, therefore, said allegations are denied.

20.     GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Second Amended Complaint and, therefore, said allegations are denied.

21.     GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Second Amended Complaint and, therefore, said allegations are denied.

22.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Second Amended Complaint and, therefore, said allegations are denied.

23.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Second Amended Complaint and, therefore, said allegations are denied.

24.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Second Amended Complaint and, therefore, said allegations are denied.

25.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Second Amended Complaint and, therefore, said allegations are denied.

26.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Second Amended Complaint and, therefore, said allegations are denied.

27.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Second Amended Complaint and, therefore, said allegations are denied.

28.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Second Amended Complaint and, therefore, said allegations are denied.

29.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Second Amended Complaint and, therefore, said allegations are denied.

30.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Second Amended Complaint and, therefore, said allegations are denied.

31.   GSEC admits the allegations contained in Paragraph 31 of the Second Amended Complaint.

32.   GSEC admits the allegations contained in Paragraph 32 of the Second Amended Complaint.

33.   GSEC denies the allegations contained in Paragraph 33 of the Second Amended Complaint.

34.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Second Amended Complaint and, therefore, said allegations are denied.

35.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Second Amended Complaint and, therefore, said allegations are denied.

36.   GSEC admits the allegations contained in Paragraph 36 of the Second Amended Complaint.

37.   GSEC denies the allegations contained in Paragraph 37 of the Second Amended Complaint.

38.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Second Amended Complaint and, therefore, said allegations are denied.

39.   GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Second Amended Complaint and, therefore, said allegations are denied.

40.   GSEC denies the allegations contained in Paragraph 40 of the Second Amended Complaint.

41. GSEC admits only that Jack Galardi is its Chief Executive Officer, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 and, therefore, said allegations are denied.

42.    GSEC admits Mr. Kap is COO is title only, but denies that he has ever had any ownership interest in or authority to exercise control over Defendant GSEC.

43.    GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Second Amended Complaint and, therefore, said allegations are denied.

44.    GSEC denies the allegations contained in Paragraph 44 of the Second Amended Complaint as they relate to GSEC. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 and, therefore, said allegations are denied.

45.    GSEC shows that Paragraph 45 of its service copy of Plaintiffs' Second Amended Complaint is incomplete, and out of an abundance of caution, GSEC denies the allegations contained therein.

46.    GSEC denies the allegations contained in Paragraph 46 of the Second Amended Complaint.

47.    GSEC admits the allegations contained in Paragraph 47 of the Second Amended Complaint.

48.    GSEC denies the allegations contained in Paragraph 48 of the Second

{729/013/00483318.DOCv1}

Amended Complaint.

49. GSEC denies the allegations contained in Paragraph 49 of the Second Amended Complaint.

50. GSEC admits that it shares common ownership with the other corporate defendants. The remaining allegations contained in Paragraph 50 of the Second Amended Complaint are denied.

51. GSEC denies that the corporate defendants "pool their financial resources," but admits the remaining allegations contained in Paragraph 51.

52. GSEC admits that Plaintiffs have purported to bring a civil action against it under the Fair Labor Standards Act for Defendants' alleged failure to pay minimum wage and overtime compensation, but GSEC denies any wrongdoing or liability thereunder.

53. GSEC is without knowledge or information sufficient to form a belief as to the truth the allegations contained in Paragraph 53 of the Second Amended Complaint and, therefore, said allegations are denied.

54. GSEC admits that Plaintiffs appear to have each consented in writing to be parties to this action, with the exception of Ms. Appling, who has since voluntarily withdrawn her consent.

## FACTUAL ALLEGATIONS

55.   GSEC restates its responses to the allegations contained in

Paragraphs 1 - 54 of the Second Amended Complaint as if fully set forth.

## MISCLASSIFICATION

56.   GSEC denies the allegations contained in Paragraph 56 of the Second

Amended Complaint.

57.   GSEC is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 57 of the

Second Amended Complaint and, therefore, said allegations are denied.

58.   GSEC is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 58 of the

Second Amended Complaint and, therefore, said allegations are denied.

59.   GSEC is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 59 of the

Second Amended Complaint and, therefore, said allegations are denied.

60.   GSEC is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 60 of the

Second Amended Complaint and, therefore, said allegations are denied.

61.   GSEC is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 61 of the Second Amended Complaint and, therefore, said allegations are denied.

62.  GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Second Amended Complaint and, therefore, said allegations are denied.

63.  GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Second Amended Complaint and, therefore, said allegations are denied.

64.  GSEC denies the allegations contained in Paragraph 64 of the Second Amended Complaint.

65.  GSEC denies the allegations contained in Paragraph 65 of the Second Amended Complaint as they relate to GSEC, but is without information or knowledge as to the truth of the allegations as to the remaining defendants and, therefore, said allegations are denied.

66.  GSEC denies the allegations contained in Paragraph 66 of the Second Amended Complaint.

67.  GSEC admits it has never paid entertainers any amount as wages, but shows it was not obligated to pay Plaintiff wages, and that is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Second Amended

Complaint and, therefore, said allegations are denied.

68.  GSEC admits that it did not pay Plaintiffs an overtime premium, but shows it had no obligation to do so.  GSEC denies the remaining allegations contained in Paragraph 68.

69. GSEC denies the allegations contained in Paragraph 69 of the Second Amended Complaint.

70.  GSEC denies the allegations contained in Paragraph 70 of the Second Amended Complaint.

71.  GSEC shows that Paragraph 71 of its service copy of Plaintiffs' Second Amended Complaint is incomplete, and out of an abundance of caution, GSE denies the allegations contained therein.

## **RETALIATION**

72.  GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Second Amended Complaint and, therefore, said allegations are denied.

73.  GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Second Amended Complaint and, therefore, said allegations are denied.

74. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Second Amended Complaint and, therefore, said allegations are denied.

75. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Second Amended Complaint and, therefore, said allegations are denied.

76. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Second Amended Complaint and, therefore, said allegations are denied.

77. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Second Amended Complaint and, therefore, said allegations are denied.

78. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Second Amended Complaint and, therefore, said allegations are denied.

79. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Second Amended Complaint and, therefore, said allegations are denied.

80. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Second Amended Complaint and, therefore, said allegations are denied.

81. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Second Amended Complaint and, therefore, said allegations are denied.

82. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Second Amended Complaint and, therefore, said allegations are denied.

83. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Second Amended Complaint and, therefore, said allegations are denied.

{729/013/00483318.DOCv1}

84. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Second Amended Complaint and, therefore, said allegations are denied.

85. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Second Amended Complaint and, therefore, said allegations are denied.

86. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Second Amended Complaint and, therefore, said allegations are denied.

87. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Second Amended Complaint and, therefore, said allegations are denied.

88. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Second Amended Complaint and, therefore, said allegations are denied.

89. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Second Amended Complaint and, therefore, said allegations are denied.

90. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Second Amended Complaint and, therefore, said allegations are denied.

91. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Second Amended Complaint and, therefore, said allegations are denied.

92. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Second Amended Complaint and, therefore, said allegations are denied.

93. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Second Amended Complaint and, therefore, said allegations are denied.

94. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Second Amended Complaint and, therefore, said allegations are denied.

95. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Second Amended Complaint and, therefore, said allegations are denied.

96. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Second Amended Complaint and, therefore, said allegations are denied.

97. GSEC shows that Paragraph 97 of its service copy of Plaintiffs' Second Amended Complaint is incomplete, and out of abundance of caution, GSEC shows it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Second Amended Complaint and, therefore, said allegations are denied.

98. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of

the Second Amended Complaint and, therefore, said allegations are denied.

99. GSEC denies the allegations contained in Paragraph 99 of the Second Amended Complaint.

100. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Second Amended Complaint and, therefore, said allegations are denied.

101. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Second Amended Complaint and, therefore, said allegations are denied.

102. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Second Amended Complaint and, therefore, said allegations are denied.

103. GSEC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Second Amended Complaint and, therefore, said allegations are denied.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION – MINIMUM WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET SEQ.*

104.   GSEC restates its responses to the allegations contained in Paragraphs 1 – 103 of the Second Amended Complaint as if fully set forth.

105.   GSEC denies the allegations contained in Paragraph 105 of the Second Amended Complaint.

106.   GSEC denies the allegations contained in Paragraph 106 of the Second Amended Complaint.

107.   GSEC denies the allegations contained in Paragraph 107 of the First and Second Amended Complaint.

108.   GSEC admits only that Plaintiffs appear to have consented in writing to participate in this civil action.  GSEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108 of the Second Amended Complaint and, therefore, said allegations are denied.

109.   GSEC denies the allegations contained in Paragraph 109 of the Second Amended Complaint.

110.   GSEC denies that it had a business relationship with Plaintiffs or owed Plaintiffs any wages.  GSEC denies the remaining allegations      contained in Paragraph 110 of the Second Amended

Complaint.

111.   GSEC denies that it had a business relationship with Plaintiffs or owed Plaintiffs any wages.   GSEC denies the remaining allegations   contained in Paragraph 111 of the Second Amended Complaint.

112.   GSEC denies the allegations contained in Paragraph 112 of the Second Amended Complaint.

113.   GSEC denies the allegations contained in Paragraph 113 of the Second Amended Complaint.

114.   GSEC admits only that Plaintiffs have prayed for the relief contained in Paragraph 114, but denies Plaintiffs are entitled to any of the relief requested therein.

115.   GSEC admits only that Plaintiffs have prayed for the relief contained in Paragraph 115, but denies Plaintiffs are entitled to the relief requested therein.

**SECOND CAUSE OF ACTION – OVERTIME**
**FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET SEQ.***

116.   GSEC restates its responses to the allegations contained in Paragraphs 1-115 of the Second Amended Complaint as if fully set forth.

{729/013/00483318.DOCv1}

117. GSEC denies the allegations contained in Paragraph 117 of the Second Amended Complaint.

118. GSEC denies the allegations contained in Paragraph 118 of the Second Amended Complaint.

119. GSEC denies that Plaintiffs performed any services for it and denies the remaining allegations contained in Paragraph 119 of the Second Amended Complaint.

120. GSEC denies that it owed any wages to Plaintiffs and denies the remaining allegations contained in Paragraph 120 of the Second Amended Complaint.

121. GSEC admits it did not pay Plaintiffs a premium overtime rate for hours worked in excess of forty, but shows it had no obligation to do so and further shows that Plaintiffs did not work for it.   GSEC denies the remaining allegations contained in Paragraph 121 of the Second Amended Complaint.

122. GSEC denies the allegations contained in Paragraph 122 of the Second Amended Complaint.

123. GSEC admits only that Plaintiffs have prayed for the relief contained in Paragraph 123 of the Second Amended Complaint, but GSEC denies Plaintiffs are entitled to any of the relief requested therein.

{729/013/00483318.DOCv1}

124.  GSEC admits only that Plaintiffs have prayed for the relief contained in Paragraph 124 of the Second Amended Complaint, but GSEC denies Plaintiffs are entitled to any of the relief requested therein.

## THIRD CAUSE OF ACTION – RETALIATION
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *ET SEQ.*

125.  GSEC restates its responses to the allegations contained in Paragraphs 1 – 124 of the Second Amended Complaint as if fully set forth.

126.  GSEC denies the allegations contained in Paragraph 126 of the Second Amended Complaint.

127.  Paragraph 127 of the Second Amended Complaint makes no specific allegation against GSEC, such that no answer from GSEC is required.  To the extent an answer is required, the allegations are denied.

128.  Paragraph 128 of the Second Amended Complaint makes no specific allegation against GSEC, such that no answer from GSEC is required.  To the extent an answer is required, the allegations are denied.

129.  GSEC denies the allegations contained in Paragraph 129 of the Second Amended Complaint.

130.  GSEC denies the allegations contained in Paragraph 130 of the Second Amended Complaint.

131.  GSEC denies Plaintiffs are entitled to reinstatement, back and front pay,

{729/013/00483318.DOCv1}

emotional distress damages, punitive and/or liquidated damages or any

other form of damages.

132.  GSEC denies Plaintiffs are entitled to recover attorney's fees and costs

from Defendants in this civil action.

133.  GSEC denies all other allegations contained in the Second Amended

Complaint not specifically admitted herein.


WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint,

Defendant GSEC prays that it be dismissed with prejudice and that all costs be

taxed on the Plaintiffs.

This 10th day of September, 2009.

Respectfully submitted,

/s/ Susan Kastan Murphey
SUSAN KASTAN MURPHEY
Georgia Bar No. 408498
skm@swtlaw.com

/s/ Dean R. Fuchs
DEAN R. FUCHS
Georgia Bar No. 279170
drf@swtlaw.com

Attorneys for Defendant Galardi
South Enterprises Consulting, Inc.

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
{729/013/00483318.DOCv1}

Atlanta, GA 30303
(404) 688-6800
(404) 688-6840 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KARENZA CLINCY, et al. | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:09-CV-2082-RWS |
| | ) | |
| GALARDI SOUTH ENTERPRISES, INC.) | | |
| d/b/a THE ONYX, et al. | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this filing complies with the requirements of Local Rule 5.1B (Times New Roman, 14 point) and I further certify that I have this day served a copy of the within and foregoing **ANSWER AND DEFENSES OF GALARDI SOUTH ENTERPRISES CONSULTING, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT** by using the court's CM/ECF system as follows:

| | |
|---|---|
| Donald H. Nichols: | Nichols@nka.com |
| E. Michelle Drake: | drake@nka.com |
| Edward D. Buckley: | edbuckley@buckleyklein.com |
| Steven A. Smith: | smith@nka.com |
| Anna P. Prakash: | aprakash@nka.com |

This 10th day of September, 2009.

> /s/ Dean R. Fuchs
> DEAN R. FUCHS
> Georgia Bar No. 279170
> Attorney for Defendant Galardi
> South Enterprises Consulting, Inc.

Schulten Ward & Turner, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-6840 facsimile

{729/013/00483318.DOCv1}

-30-