IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KARENZA CLINCY, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-CV-2082-RWS |
| GALARDI SOUTH : | |
| ENTERPRISES, INC. d/b/a THE : | |
| ONYX, et al., : | |
| : | |
| Defendants. : | |

# **ORDER**

This case comes before the Court on Plaintiffs' Motion for Conditional Class Certification [12] and Plaintiffs' Motion for Emergency Cease and Desist Order and Related Relief [91]. After considering the entire record, the Court enters the following Order.

## **Background**

Plaintiffs are employed as entertainers at Club Onyx ("Onyx"), an adult entertainment night club allegedly owned and operated by Defendants. (See Plaintiffs' Second Amended Complaint ("Complaint"), Dkt. No. [29], at 2, 4-5). On July 31, 2009, Plaintiffs filed a putative collective action against their employer for violating the Fair Labor Standards Act ("FLSA"). The alleged

violations of the FLSA include misclassifying the Plaintiffs as independent contractors instead of employees, failing to pay minimum wage and overtime, and retaliation for filing suit under the statute. (Id. at 10-13).

## Discussion

**I.      Motion for Conditional Class Certification [12]**

The FLSA authorizes collective actions, stating:

> An action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought.

29 U.S.C. § 216(b). This Court, in its discretion, may authorize the sending of notice to potential class members in a collective action. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001); Haynes v. Singer Co., 696 F.2d 884, 886-87 (11th Cir. 1983).

The Eleventh Circuit suggests a two-tiered approach to class certification in FLSA cases. "The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of

2

AO 72A
(Rev.8/82)

the action should be given to potential class members." Hipp, 252 F. 3d at 1218. "The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." Id. This case is before the Court for the "first determination" of class certification. At this stage, the "determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Id. "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Id. (quoting Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)). Before granting conditional certification, the court should determine: (1) whether employees sought to be included in the putative class are similarly situated with respect to their job requirements and pay provisions; and (2) whether there are other employees who wish to opt-in to the action. Dybach v. State of Fla. Dept. of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

      A.     <u>Similarity of employment positions of putative class members.</u>

Plaintiffs bear the burden of establishing that they are similarly situated with the group of employees they wish to represent. Grayson, 39 F. 3d at 1096. The burden on Plaintiffs, however, is not a heavy one. As noted above, the standard is fairly lenient and Plaintiffs are not required to prove that they and

3

the putative class members held identical positions, but only similar positions. See Hipp, 252 F.3d at 1217; Grayson, 79 F.3d at 1095-96 (holding that "the 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements" for joinder and severance) .

In this case it appears that Plaintiffs and putative class members held identical positions at the Onyx, and Defendants do not seriously contest that issue in their Brief in Opposition to Conditional Class Certification ("Defs.' Response") [44], resting their opposition rather, on the argument that Plaintiffs have failed to demonstrate that there are other employees who desire to opt in. (Defs.' Response, Dkt. No. [44] at 3 n.3 (stating Defendants intend to address the similarly-situated prong at the decertification stage)).

Plaintiffs assert that their job was to entertain customers at the Onyx. (Plaintiffs Memorandum of Law in Support of Motion for Conditional Class Certification ("Pls.' Memo") Dkt. No. [12-2] at 8). They allege that their conduct in carrying out their job duties was carefully monitored by Defendants and that all entertainers had to abide by a detailed list of rules. (Id.)

The Court does not evaluate the merits of the claim at this point, but only determines whether Plaintiffs have shown they are similarly situated to the putative class members. Lugo v. Farmer's Pride, Inc., No. 07-CV-00749, 2008

4

<mark><mark><mark>

WL 638237, at *3 (E.D. Pa. Mar. 7, 2008). The appropriate time to address issues of individual differences between putative class members is after the completion of discovery and during the second stage of the certification determination. Scott, 2006 WL 1209813, at *3 (citing Kreher v. City of Atlanta, No. 1:04-CV-2651-WSD, 2006 WL 739572, at *4 n. 8 & 9 (N.D. Ga. Mar. 20, 2006) (issues of individualized nature of employees' claims, although potentially meritorious, should be considered during second stage of analysis); Clarke v. Convergys Customer Mgmt. Group, Inc., 370 F.Supp.2d 601, 607 (S.D.Tex.2005) (individualized factual issues should be considered during second-stage analysis, not initial "notice" stage).

In applying the lenient standard appropriate at the notice stage, the Court is satisfied that Plaintiffs are similarly situated to other entertainers at the Onyx.

B.    Sufficiency of interest by other employees in the lawsuit.

While Plaintiffs have demonstrated that they are sufficiently situated to the putative class members under the lenient standard appropriate at the notice stage, they must also demonstrate that other employees wish to opt-in to the action before this Court may grant conditional certification. Dybach, 942 F.2d at 1567-68. Since the filing of Plaintiffs' Motion for Conditional Class Certification, numerous other individuals have filed consent forms to opt-in to

5

this action.  (See Notices of Consent Filing, Dkt. Nos. [72, 75, 77, 79, 81, 86-90, 92, 100-102, 110, 112, 119, 120, 122, 123, 127, 128, 142, 144]).

The Court is satisfied that Plaintiffs have demonstrated the necessary showing at this notice stage that they are similarly situated to other entertainers at Onyx and that other entertainers wish to opt-in to the action.  See Dybach, 942 F.2d at 1567-68.  The Court is cognizant that certification of collective actions in an FLSA case is based on a theory of judicial economy by which "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." Barten v. KTK & Assocs., Inc., No. 8:06-CV-1574-T-27EAJ, 2007 WL 2176203, at *1 (M.D. Fla. July 26, 2007) (quoting Hoffman-LaRoche, Inc., 493 U.S. at 170).  The Court believes that efficiencies can be realized by trying this case as a collective action, even if a final determination on the merits requires some factual determinations individual to each opt-in plaintiff.  Should Defendant move for decertification following discovery, the Court will revisit the determinations made in this Order.  At this stage, the Court will permit the Plaintiffs to send notice of opt-in rights to potential members of the class. Plaintiffs' Motion for Conditional Class Certification [12] is **GRANTED**.  The class shall be defined as follows:

6

> All current and former entertainers who have worked at Club Onyx, 1888 Cheshire Bridge Road in Atlanta, Georgia from September 2, 2006[1] to March __, 2010 [the mailing date].

## II.   Plaintiffs' Motion for Emergency Cease and Desist Order and Related Relief [91]

Plaintiffs allege that Defendants, through management at Club Onyx, are distributing a memo to putative class members and witnesses that contains misleading statements concerning this action and also contains an opt-out form in the guise of an election not to receive communication from Plaintiffs' counsel.  (Plaintiffs' Memorandum in Support of Motion for Emergency Cease and Desist Order and Related Relief, Dkt. No. [91-2] at 2).  Plaintiffs ask the Court to order Defendants to cease distribution of the memo and accompanying form and to cease any other communication with potential class members about this lawsuit. (Id. at 3).

Defendants respond that the memo they distributed was in response to a similar solicitation letter sent by Plaintiffs' counsel to the homes of individuals who have worked for Club Onyx.  (Defendants' Brief in Response to Plaintiffs' Motion for Emergency Cease and Desist Order, Dkt. No. [111] at 3).

---

[1] The Court tolled the statute of limitations for potential opt-in plaintiffs in its Order dated September 2, 2009 [32].

7

Defendants allege that statements contained in Plaintiffs solicitation letter and accompanying documents are false and misleading. (Id. at 4).

After examining both mailings and the case law cited by both parties, the Court concludes that the potential for Defendants to chill the participation of potential opt-in Plaintiffs in this action is much greater than was present in the communication at issue in Abdallah v. Coca-Cola Co., 186 F.R.D. 672 (N.D. Ga. 1999). The Defendants have already shown a willingness to intimidate and/or retaliate against entertainers at Onyx for their involvement in this action. (See Order of Sept. 2, 2009, Dkt. No. [32]). However, the Court will not restrict Defendants from discussing this action with their employees, as such communication is necessary to their defense of this action. Nonetheless, the Court strongly cautions Defendants against intimidating employees from joining the lawsuit or retaliating against those who do, as such acts constitute a violation of 29 U.S.C. § 215(a)(3), and the Court will not hesitate to remedy any such acts with proper sanctions. Any further written communication from Defendants to potential opt-in plaintiffs or potential witnesses in this matter will have as an introductory paragraph the following language in a font that is bold and larger than the text contained in the body of the communication:

8

> This communication represents the opinion of the
> management of Club Onyx. It is unlawful for Club
> Onyx, its management, or any other Defendant, to
> retaliate against employees who choose to participate
> in this case or assist Plaintiffs' counsel in this case.

In light of the Court's grant of conditional class certification in this action and issuance of notice, the Court will not require Defendant to issue a separate corrective letter, but will address the matter in the notice prescribed below. Further, the form accompanying Defendants' memo will not prohibit any individual from being a party to this action, nor will it prohibit Plaintiffs' counsel from contacting any such individual to discuss this action.

Discovery will not be expanded to include fact-finding on the memo and form distributed by Defendants.

To the extent that Plaintiffs' Motion for Emergency Cease and Desist Order and Related Relief [91] seeks an order: (1) requiring Defendants to distribute a corrective letter; and (2) expanding discovery to include matters related to the distribution of memo and form by Defendants, it is **DENIED**. However, Defendants are **ORDERED** to comply with the directions of the Court concerning communications with potential plaintiffs and/or witnesses as set forth in this section.

9

## Conclusion

Plaintiffs' Motion for Conditional Class Certification [12] is **GRANTED** and Plaintiffs' Motion for Emergency Cease and Desist Order [91] is **DENIED**. The Class shall be defined as follows:

> All current and former entertainers who have worked at Club Onyx, 1888 Cheshire Bridge Road in Atlanta, Georgia from September 2, 2006 to March __, 2010 [the mailing date].

Plaintiffs submitted a Notice of Pendency of Lawsuit [12-14] with its Motion for Conditional Class Certification and a Revised Notice of Pendency of Lawsuit [91-6] with its Motion for Emergency Cease and Desist Order. Defendants outlined several objections to the proposed notice in their Response in Opposition to Conditional Class Certification [44]. The Court has reviewed Plaintiffs' submissions and Defendants' objections and finds that a Notice consistent with the Notice attached to this Order as Exhibit "A" should be sent to prospective class members. Defendants shall provide to Plaintiffs, within seven (7) days of the entry of this Order, the names, last known addresses, date of birth, and last four digits of their Social Security number of all persons employed as entertainers at Club Onyx from Sept. 2, 2006 to the present in an electronic format so that Plaintiffs may send notice to them.

**SO ORDERED**, this  12th  day of March, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

**EXHIBIT "A"**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KARENZA CLINCY, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-CV-2082-RWS |
| GALARDI SOUTH : | |
| ENTERPRISES, INC. d/b/a THE : | |
| ONYX, et al., : | |
| : | |
| Defendants. : | |

**NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN**

**TO:   ALL CURRENT AND FORMER ENTERTAINERS WHO HAVE WORKED AT CLUB ONYX, 1888 CHESHIRE BRIDGE ROAD IN ATLANTA, GEORGIA FROM SEPTEMBER 2, 2006 TO MARCH __, 2010** [the mailing date]**.**

**RE:   FAIR LABOR STANDARDS ACT MINIMUM WAGE AND OVERTIME LAWSUIT FILED AGAINST Galardi South Enterprises, Inc. d/b/a/ The Onyx, Galardi South Enterprises Consulting, Inc. d/b/a/ The Onyx, Pony Tail, Inc. d/b/a/ The Onyx, Michael Kapp and Jack Galardi.**

**INTRODUCTION**

The purpose of this Notice is to: (1) inform you that a collective action lawsuit exists that you might join; (2) advise you how your rights may be affected by this lawsuit; and (3) instruct you on the procedure for participating in this lawsuit, if you choose to do so.

**DESCRIPTION OF THE ACTION**

During 2009, an action was filed against Defendants Galardi South Enterprises, Inc. d/b/a/ The Onyx, Galardi South Enterprises Consulting, Inc. d/b/a/ The Onyx, Pony Tail, Inc. d/b/a/ The Onyx, Michael Kapp and Jack Galardi (collectively referred to as "Defendants") on behalf of the named Plaintiffs and all other similarly situated individuals who worked as entertainers during the past three years.

1

Plaintiffs allege that these individuals are owed overtime pay and/or minimum wages under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq . Plaintiffs further allege that, as part of these individuals' minimum wage damages, they are entitled to receive back any amounts they were required to pay to Defendants as "bar fees" or other fines.

Defendants deny that they have violated the FLSA, or that any overtime pay or minimum wages are owed, and are defending against all claims that have been asserted against them. Specifically, Defendants contend that the entertainers are properly classified as independent contractors, and further deny that they are liable to Plaintiffs for overtime pay and/or minimum wage and other damages sought in the Complaint.

The Court has taken no position in this case regarding the merits of Plaintiffs' claims or the Defendants' defenses. As such, this notice does not mean you have a valid claim or are entitled to any monetary recovery. Any such determination must still be made by the Court.

**YOUR RIGHT TO PARTICIPATE IN THIS ACTION**

You may join in this lawsuit if: (a) you worked as an entertainer at Onyx between September 2, 2006 and March __, 2010 [the mailing date] ; and (b) you were treated as an independent contractor by Defendants.

Earlier this year, you may have received, through Onyx's managers, a memorandum with an attached form from Onyx's attorneys, titled "Pending Wage & Hour Law Suit Against Club Onyx."  If you signed the form, you are still eligible to participate in this lawsuit.  The form has **no bearing** on your eligibility to join this action and is **not** a valid waiver or release of claims.

It is entirely your decision whether to join this lawsuit. You are not required to take any action unless you desire to join. If you fit the definition above for those who may join the lawsuit, you may choose to join this action by mailing or faxing the attached Consent Form to Plaintiffs' attorneys:

Nichols Kaster, PLLP
Attn : E. Michelle Drake
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492
Facsimile : (612) 215-6870

The Consent Form must be received by Nichols Kaster, PLLP, on or before (60 days after mailing) for you to participate in this case.

**EFFECT OF JOINING OR NOT JOINING THIS ACTION**

2

If you join this action, you will be bound by any ruling, judgment, award, or settlement, whether favorable or unfavorable. While this lawsuit is proceeding, you may be required to provide information and documents, or otherwise participate in this action.

If you file a Consent Form, your continued right to participate in this action will depend upon a later decision by the Court that you and the named Plaintiffs are "similarly situated" in accordance with applicable laws and that it is appropriate for this case to proceed as a collective action.

If you choose not to join this action, you will not be bound by any ruling, judgment, or settlement entered in this case, favorable or unfavorable. If you choose not to join this lawsuit, you may file a separate lawsuit on your own or choose to take no action at all.

## STATUTE OF LIMITATIONS

The FLSA has a two to three year statute of limitations, depending upon later decisions by the Court. If you choose to join this action, you may be able to recover damages only for hours worked within two or possibly three years of the date your Consent Form is filed. If you choose not to join in this action or file your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.

## NO RETALIATION PERMITTED

You have an absolute right to join this lawsuit free from any fear that Defendants will retaliate against you in any way.

The law prohibits retaliation against employees for exercising their rights under the FLSA. Although the issue of whether or not you are an employee or independent contractor has yet to be decided, Defendants have been ordered to refrain from taking any retaliatory actions against you during the pendency of this litigation.  Therefore, Defendants are prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this action.  This includes any directly or indirectly coercive comments that Defendants may have made to you when distributing paperwork related to this lawsuit or in any meetings you may have held with Defendants regarding your decision to participate or not participate in the lawsuit.

You may have heard that Defendants retaliated against the individuals who initiated this lawsuit because they filed this action. Those individuals have since been reinstated by Order of this Court and Defendants have been ordered to refrain from retaliating or discriminating **in any way** against Plaintiffs or similarly situated individuals for involvement with or participation in this lawsuit.

If you believe you are being retaliated against, or if anyone acting on Defendants' behalf

3

threatens to retaliate against you at any time, you make seek legal counsel and ask for immediate relief in this Court. If your retaliation claims are successful, Defendants will be liable to you for damages caused by their retaliation.

## LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this case by filing a Consent Form, your interests will be represented by:

Nichols Kaster, PLLP :
Donald Nichols, Steven A. Smith, E. Michelle Drake and Anna P. Prakash
4600 IDS Center , 80 South 8th Street
Minneapolis , MN 55402
Toll Free Telephone : (877) 448-0492
Facsimile : (612) 215-6870
Website: www.overtimecases.com

Plaintiffs' Counsel have taken this case on a contingency basis. They may be entitled to receive attorneys' fees and costs from Defendants should there be a recovery or judgment in Plaintiffs' favor. If there is a recovery, Plaintiffs' Counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. If there is no recovery or judgment in Plaintiffs' favor, Plaintiffs' Counsel will not seek any attorneys' fees or costs from any of the Plaintiffs. The specific terms and conditions will be contained in a fee agreement separately entered into by Plaintiffs' Counsel and you if you decide to participate in this case. Note that you have a right to consult with or retain other counsel.

## FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by contacting Plaintiffs' counsel at the address or toll-free number provided above.

**THIS NOTICE AND ITS CONTENT HAVE BEEN AUTHORIZED BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF GEORGIA, HONORABLE JUDGE RICHARD W. STORY.**

**CONSENT FORM**

1. I hereby consent to join the lawsuit brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., to recover compensation I may be owed by my current/former employers, Galardi South Enterprises, Inc. d/b/a/ The Onyx, Galardi South Enterprises Consulting, Inc. d/b/a/ The Onyx, Pony Tail, Inc. d/b/a/ The Onyx, Michael Kapp and Jack Galardi.

2. During the past three years, I worked as an entertainer at the nightclub Onyx located in Atlanta. I did not receive an hourly wage, and I was required to pay a house fee and various other fines and fees when I worked.

3. I hereby designate the law firm of Nichols Kaster, PLLP to represent me in this action.

4. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Galardi South Enterprises, Inc. d/b/a/ The Onyx, Galardi South Enterprises Consulting, Inc. d/b/a/ The Onyx, Pony Tail, Inc. d/b/a/ The Onyx, Michael Kapp and Jack Galardi.

Date: _____ _____
                                                    Signature

                                              _____
                                                    Print Name

_____

**No Information Included Below Will be Filed With the Court**

**PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:**

Name:_____
          (First)                    (Middle)                    (Last)

Street Address:_____

City, State, Zip: _____

Home: _____ Work: _____ Cell: _____

Email: _____ Secondary Email: _____

Social Security Number: _____(or) Date of Birth:_____

Emergency Contact
_____
(In case we lose contact with you)

**FAX OR MAIL TO:**          **Nichols Kaster, PLLP (Attn. E. Michelle Drake)**
                             **80 South 8th Street, Suite 4600, Minneapolis, MN 55402**
                             **Toll Free Telephone: (877) 448-0492 Fax: (612) 338-4878**

AO 72A
(Rev.8/82)