IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KARENZA CLINCY, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-CV-2082-RWS |
| GALARDI SOUTH : | |
| ENTERPRISES, INC. d/b/a THE : | |
| ONYX, et al., : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Defendants' Motion for Relief [153], Plaintiffs' Motion Requesting an Order Requiring the City of Atlanta to Provide Plaintiffs' Counsel with the Social Security Numbers and Dates of Birth of Potential Plaintiffs ("City of Atlanta Motion") [158], and Defendants' Motion for Sanctions against Plaintiff Erica Hammond [148].  After reviewing the record, the Court enters the following Order.

**Background**

Plaintiffs are employed as entertainers at Club Onyx ("Onyx"), an adult entertainment night club allegedly owned and operated by Defendants.  (Dkt. No. [29], at 2, 4-5).  On July 31, 2009, Plaintiffs filed a putative collective

action against their employer for violating the Fair Labor Standards Act ("FLSA"). The alleged violations of the FLSA include misclassifying the Plaintiffs as independent contractors instead of employees, failing to pay minimum wage and overtime, and retaliation for filing suit under the statute. (Id. at 10-13).

On September 2, 2009, the Court issued an Order [32] granting Plaintiffs' a preliminary injunction that required Defendants to reinstate the Plaintiffs that had been suspended or terminated following the filing of this action and prohibited Defendants from retaliating or discriminating against Plaintiffs or other similarly situated individuals for participating in this action. In that Order the Court also tolled the statute of limitations until a ruling was issued on conditional class certification. On March 12, 2010, the Court issued an Order [147] that granted Plaintiff's Motion for Conditional Class Certification [12]. In that Order, the Court directed Defendants to supply Plaintiffs with the personal information of current and former entertainers so that Plaintiffs could send notice to prospective class members. The Court also attached to the Order the form of notice ("Notice") that was to be sent to prospective class members. (Ex. A, Dkt. No. [147]).

## I.     Defendants' Motion for Relief [153]

The Court directed Defendants to provide Plaintiffs with "the names, last known addresses, date of birth, and last four digits of their social security number of all persons employed as entertainers at Club Onyx from Sept. 2, 2006 to the present in an electronic format so that Plaintiffs may send notice to them."  (Dkt. No. [147] at 10).  Defendants in their Motion for Relief assert that they have never maintained an electronic database containing the requested information.  Furthermore, even in paper format, the information they do possess falls short of the Court's Order, because they do not possess all of the requisite information for all of the entertainers that have worked at Club Onyx during the relevant period.  Defendants assert that they never possessed all of the requested information for the entertainers and to the extent that they did, some of it was lost as a result of a fire and flooding at Club Onyx.  Defendants produced to Plaintiffs' counsel a spreadsheet with all of the information they assert that they have in their possession.  To the extent that Defendants do not have access to all of the information the Court required them to produce, they are **GRANTED** relief from the Court's March 12, 2010 Order.

Defendants also object to certain language used in the Notice attached to the Court's Order [147].  In particular, Defendants object to the following

3

language regarding the prohibition of retaliation against those who participate in this action:

> This includes any directly or indirectly coercive comments that Defendants may have made to you when distributing paperwork related to this lawsuit or in any meetings you may have held with Defendants regarding your decision to participate or not participate in the lawsuit.
>
> You may have heard that Defendants retaliated against individuals who initiated this lawsuit because they filed this action. Those individuals have since been reinstated by Order of this Court and Defendants have been ordered to refrain from retaliating or discriminating **in any way** against Plaintiffs or similarly situated individuals for involvement with or participation in this lawsuit.

(Ex. A, Dkt. No. [147] at 3). Defendants assert that "[t]his language appears to go far beyond supplying the putative class members with notice . . . – it suggests to the putative class members that Defendants have, in fact, intimidated or coerced them into not-opting into this litigation to date." Defendants contend that such language suggests "that the Court has or may have already made certain determinations regarding the merits of Plaintiffs' retaliation claim." Even assuming that this language were to be interpreted in this manner, the Notice even more clearly states:

> The Court has taken no position in this case regarding the merits of Plaintiffs' claims or the Defendants' defenses. As such, this notice does not mean you have a valid claim or are entitled to any

4

monetary recovery.  Any such determination must still be made by the Court.

(Id. at 2).  Additionally, to the extent that the language used in the Notice is stronger than that typically contained in such notices, it is not improper, but rather is warranted by Defendants' alleged actions.  (See Dkt. No. [159] at 4).

In granting a preliminary injunction, the Court found that the named Plaintiffs "are substantially likely to prevail on the claim of retaliation."  (Dkt. No. [32] at 4).  The Court at that time stated that the firing of Plaintiffs "represent[ed] a flagrant violation of the FLSA's anti-retaliation provision . . . ." (Id. at 5).  In reaching this conclusion the Court relied on a transcript of a taped conversation between one of the Plaintiffs and an individual at Club Onyx.[1] Defendants contend that the transcript should be disregarded because Plaintiff Jammie Parker has already admitted it is inaccurate.  (Ex. A, Dkt. No. [153-2]).

---

[1] One of the Plaintiffs tape recorded part of a meeting that occurred on August 11, 2009.  Portions of the transcript of the tape recording are reproduced below.  Male 2 is purportedly Defendant Michael Kapp.
> Male 2: And basically, the only way that it's going to go away and you all are going to be able to work in this club is if all eight or nine of you, whoever is on the class action lawsuit that you all decided to file, get together and decide to drop it.

(Ex. D, Dkt. No. [29] at 8:17-22).
> FEMALE: I have one question.  What's the suspension indefinitely? What's that for?  What's the reason behind that?
> Male 2: What's the reason behind it?  Basically, we've got litigation. You don't need to be in the building now.  You're suing us.

(Id. at 15:1-6).

5

However, nowhere in the deposition excerpt of Ms. Parker provided by Defendants, does she recant the accuracy of this portion of the transcript, but rather states that "[i]t seems like some things were left out." (Id. at 188:2-12). Defendants are correct in noting that any findings made by this Court in granting a preliminary injunction are only preliminary findings, which may or may not be affirmed once a full record has been developed. However, at this time there appears to be strong evidence that Defendants retaliated against Plaintiffs for filing this suit.

In addition to the firing of Plaintiffs, Defendants allegedly met with prospective class members in an effort to dissuade them from joining in this action. Defendants also allegedly distributed a memo including a purported waiver of claims to prospective class members. Plaintiffs had filed a Motion for Emergency Cease and Desist Order and Related Relief [91] to address this particular alleged conduct. Plaintiffs sought to distribute a corrective letter and expand discovery to include matters related to the distribution of the memo. The Court denied Plaintiffs' motion. (Dkt. No. [147]). The Court opted instead to strongly warn Defendants against taking any actions to dissuade potential plaintiffs from joining this action and also chose to include more direct language concerning retaliation in the Notice to address Defendants' alleged

6

conduct. The Notice clearly states that the Court has taken no position in regards to Plaintiffs' allegations and the specific language the Defendants object to, does not change this. To the extent that Defendants' Motion for Relief [153] seeks to alter the language of the Notice, it is **DENIED**.

## II.     City of Atlanta Motion [158]

In light of Defendants inability, not unwillingness, to provide Plaintiffs' Counsel with all "the names, last known addresses, date of birth, and last four digits of [the] social security number of all persons employed as entertainers at Club Onyx from Sept. 2, 2006 to the present . . . ," Plaintiffs have requested that this Court direct the City of Atlanta to provide this information to Plaintiffs. Plaintiffs have already received from the City of Atlanta Police Department a list of names and addresses for all individuals who had been issued a permit to work at Defendants' club during the statutory period. (Dkt. No. [158-1] at 3). However, Plaintiffs assert that in conducting a previous mailing, advertising this action to the individuals on that list, about one-fourth of the mailings were returned as a result of inaccurate addresses. (Id.). This Court has already determined that Plaintiffs should receive the social security number ("SSN") and date of birth ("DOB") of all entertainers that worked at Club Onyx during

7

the statutory period. The question now before the Court is whether it should order the City of Atlanta to provide this information to Plaintiffs.

Defendants argue that the Court should deny Plaintiff's Motion [158] because: (1) Plaintiffs failed to utilize Federal Rule of Civil Procedure 45; (2) Plaintiffs' Counsel previously brought suit against the City of Atlanta, under Georgia's Open Records Act, for the production of the same information but dismissed that action without seeking an order for the production of SSNs and DOBs; and (3) the City of Atlanta should be granted an opportunity to respond to Plaintiffs' Motion. First, as Plaintiffs correctly note, the Georgia Open Records Act, O.C.G.A. § 50-18-70 *et seq.*, generally does not require the disclosure of an individual's SSN or DOB and Plaintiffs would be unable to obtain this information through use of a subpoena. However, the statute, O.C.G.A. § 50-18-72(a)(11.3)(B)(iv), does allow the release of this information if authorized by court order. Second, the previous action was brought by Plaintiffs' Counsel, not these Plaintiffs, and in that action counsel did not make a request for SSNs or DOBs. Finally, Plaintiffs assert that they have served the City of Atlanta with this Motion [158] and associated papers, as well as Defendants Response [166] to the Motion. (Dkt. No. [173] at 7). Therefore, the Court **ORDERS** the City of Atlanta to provide plaintiffs with the name, date

8

of birth, and last four digits of the social security number of all persons employed as entertainers at Club Onyx from September 2, 2006 to the present.[2]

## III. Statute of Limitations

In granting a preliminary injunction, the Court found that "proper grounds exist to toll the statute of limitations for a limited period until similarly situated individuals may be made aware that they may pursue FLSA claims without fear of retaliation or reprisal." (Dkt. No. [32] at 8). Therefore, the Court tolled the statute of limitations until it had an opportunity to rule on Plaintiff's Motion for Conditional Class Certification [12], under the assumption that Notice would be sent to prospective class members shortly thereafter. As a result of Defendants' Motion for Relief [153] and Defendants inability to produce all of the information necessary for Plaintiffs to provide Notice to prospective class members, Notice has not been sent. The Court's tolling of the statute of limitations will be extended until the date on which

---

[2] Some of the individuals working as entertainers at Club Onyx during the relevant period will have received their license from the City of Atlanta to work at Onyx before September 2, 2006. The City must produce information on any individual that had a license that authorized them to work at Onyx from September 2, 2006, forward regardless of when that license was issued.

9

Notice is sent. Plaintiffs' Counsel must mail Notice within 10 days of receiving the requested SSNs and DOBs from the City of Atlanta.[3]

In the Court's Order [147] granting conditional class certification, the Court defined the class as follows:

> All current and former entertainers who have worked at Club Onyx, 1888 Cheshire Bridge Road in Atlanta, Georgia from September 2, 2006 to March __, 2010 [the mailing date].

(Dkt. No. [147] at 7). The definition of the class needs to be slightly changed to account for the continued lack of notice, as follows:

> All current and former entertainers who have worked at Club Onyx, 1888 Cheshire Bridge Road in Atlanta, Georgia from September 2, 2006 to _____ __, 2010 [the mailing date].

The Notice attached to the Court's grant of conditional class certification should also reflect this change.

**IV.  Defendants' Motion for Sanctions against Plaintiff Erica Hammond [148]**

Plaintiff Erica Hammond failed to appear at the deposition noticed by Defendants and has also stopped communicating with her Counsel. Defendants ask the court to dismiss her as a sanction for her refusal to appear or otherwise

---

[3] If this deadline presents an undue hardship to Plaintiffs' Counsel as a result of the form in which the City of Atlanta produces the requested information, they may contact the Court concerning an extension.

10

make herself available for the taking of her deposition. Due to Ms. Hammond's unresponsiveness, her Counsel filed a Motion to Withdraw [139]. The Court granted this Motion on March 17, 2010. Ms. Hammond's former counsel forwarded the Defendants' Motion for Sanctions [148] to her last known address on March 24, 2010. As of the date of this Order, Ms. Hammond, now proceeding *pro se*, has yet to respond to the Motion seeking her dismissal. Ms. Hammond has had an abundance of time to respond and has not done so. Defendants' Motion for Sanctions against Plaintiff Erica Hammond [148] is **GRANTED**. She is **DISMISSED** from this action.

## V.     Discovery Disputes

The Court held a telephone conference on August 6, 2010 to discuss outstanding discovery issues with counsel representing both parties. Having heard the parties' contentions, the Court has reached the following conclusions: (1) Plaintiffs will proceed without further discovery, however, if Plaintiffs in briefing a motion for summary judgment find that an argument presented by Defendants requires further discovery, the Court will consider a request for additional discovery; (2) Plaintiffs have stipulated that they will not contest the authenticity of the tax documents they have provided to Defendants and the Court will not require Plaintiffs to request the actual copy of their tax returns

AO 72A
(Rev.8/82)

from the IRS; and (3) Defendants will be given two weeks from the date of this Order to depose the two individuals that prepared Plaintiff Jammie Parker's tax returns.[4] Any motions for summary judgment shall be filed within 30 days of these depositions.

## Conclusion

For the aforementioned reasons, Defendants' Motion for Relief [153] is **GRANTED**, **in part**, and **DENIED**, **in part**, Plaintiffs' City of Atlanta Motion [158] is **GRANTED**, and Defendants' Motion for Sanctions against Plaintiff Erica Hammond [148] is **GRANTED**. Further, the statute of limitations will be tolled until the date of the mailing of the Notice and remaining discovery will be conducted as set forth in Section V of this Order.

**SO ORDERED**, this   6th   day of August, 2010.

_____
**RICHARD W. STORY**
United States District Judge

---

[4] If Defendants find that meeting this deadline is not possible given the availability of these third parties, they may contact the Court concerning an extension.